UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CLEINER RODRIGUEZ GONZALEZ, ) <br> ) <br> Petitioner, ) <br> ) <br> v.  ) <br> ) <br> SAM OLSON, ) <br> KRISTI NOEM, ) <br> PAMELA BONDI, ) <br> BRISON SWEARINGEN, ) <br> ) <br> Respondents. ) | No. 2:26-cv-00139-MPB-MG |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Cleiner Rodriguez Gonzalez seeks a writ of habeas corpus requiring that he be immediately released from U.S. Immigration and Customs Enforcement ("ICE") detention or, in the alternative, granted a bond hearing. Dkt. 1 at 12. Because the undisputed facts demonstrate that Mr. Rodriguez Gonzalez is statutorily eligible for a bond hearing, the Court **grants** his petition to the extent that, by **March 16, 2026**, Respondents must afford him a bond hearing or release him from detention under reasonable conditions of supervision.

**I.     Background**

Mr. Rodriguez Gonzalez is a citizen of Colombia who entered the United States without being admitted or paroled in December of 2022. Dkt. 6-1 at 7. On December 11, 2022, federal immigration agents arrested Mr. Rodriguez Gonzalez at the port-of-entry in El Paso, Texas. *Id.* at 24. Mr. Rodriguez Gonzalez was then detained and processed as an expedited removal under 8 U.S.C. § 1225(b)(1). *Id.* Agents made a credible fear determination, but it was never filed with the United States Citizenship and Immigration Services ("USCIS"), and it does not appear that Mr.

1

Rodriguez Gonzalez has any pending immigration applications. *Id.* At some point, Mr. Rodriguez Gonzalez was released on an Order of Recognizance. *Id.*

On February 23, 2026, Mr. Rodriguez Gonzalez was arrested at the ICE headquarters in Chicago, Illinois, after he presented himself for a check-in. *Id.* Upon determining that Mr. Rodriguez Gonzalez was inadmissible, ICE officers arrested him and served him with a Warrant for Arrest of Alien (Form I-200), which authorized the immigration officer to take him into custody pursuant to 8 U.S.C. § 1226. *Id.*; *id.* at 37. Mr. Rodriguez Gonzalez was also served with a notice for expedited removal proceedings. *Id*. at 18–24. Mr. Rodriguez Gonzalez moved for a custody redetermination hearing, but then withdrew his request. *Id.* at 1.

**II.       Discussion**

Mr. Rodriguez Gonzalez claims that his current detention violates the Immigration and Nationality Act ("INA") (Count I) and the Due Process Clause of the Fifth Amendment (Count II). Dkt. 1 ¶¶ 45–51. Respondents argue that Mr. Rodriguez Gonzalez is lawfully detained under 8 U.S.C. § 1225(b)(2)(A) and that his detention is constitutional. Dkt. 6. [1]

The Court finds that Mr. Rodriguez Gonzalez's detention is governed by § 1226(a) and that it is unlawful because he has not been afforded a bond hearing. Because Mr. Rodriguez Gonzalez is entitled to habeas corpus relief on these grounds, the Court does not address his other arguments.

**A.  8 U.S.C. §§ 1226 and 1225**

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v.*

---

[1] The Respondents do not argue that Mr. Rodriguez Gonzalez's detention is governed by § 1225(b)(1) and they concede that he is not "arriving" in the United States since he has been here since 2022. Dkt. 6 at 5. Because neither party raises the issue, the Court does not address the application of § 1225(b)(1).

2

*Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings under 8 U.S.C. § 1229(a), also known as "full removal," are initiated by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

> Section 1226(a) provides:
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . . . [T]he Attorney General—
>
>> (1) may continue to detain the arrested alien; and
>>
>> (2) may release the alien on—
>>
>>> (A) bond . . . ; or
>>>
>>> (B) conditional parole[.]

8 U.S.C. § 1226(a). An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2)(A) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

**B. Mr. Rodriguez Gonzalez Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)**

The Court has previously determined that, considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than to undocumented aliens like Mr. Rodriguez Gonzalez who have lived in the interior of the United States for years. *See Delgado Avila v. Crowley*, No. 2:25-cv-00533-MPB-MJD, 2025 WL 3171175, *2 (S.D. Ind. Nov. 13, 2025); *Bacilio Vicente v. Warden*, No. 2:26-cv-00067-MPB-MG, dkt. 11; *Alejandro v. Olson*, No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *7 (S.D. Ind. Oct. 11, 2025); *Singh v. Bondi*, No. 1:25-cv-02101-SEB-TAB, 2025 WL 3029424, *3-5 (S.D. Ind. Oct. 30,

4

2025). As the Court previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice.[2] *See, e.g., Alejandro*, 2025 WL 2896348, at *14-19.

The Respondents cite a recent Fifth Circuit Court of Appeals decision, which upheld the government's interpretation of § 1225(b)(2)(A) in finding that "seeking admission" is a permissible redundancy for "applicant for admission." Dkt. 7 at 10; *Buenrostro-Mendez v. Bondi*, 2026 WL 323330, at *5 (5th Cir. Feb, 6, 2026) ("The Supreme Court has observed that 'redundancies are common in statutory drafting—sometimes in a congressional effort to be doubly sure, sometimes because of congressional inadvertence or lack of foresight, or sometimes simply because of the shortcomings of human communication' . . . . That seems doubly true where the ordinary meaning of the terms involved overlap. Because being an applicant ordinarily entails seeking something, it seems natural to use the words somewhat interchangeably.") (quoting *Barton v. Barr*, 590 U.S. 222, 239 (2020)). Even if the terms do refer to different criteria, the Fifth Circuit found that petitioners such as Mr. Rodriguez Gonzalez can be said to be "seeking admission" even though they have resided within the country and are not affirmatively seeking to enter the United States. *Id.*

The Fifth Circuit's decision is neither binding nor persuasive on this Court. This Court continues to defer to the Seventh Circuit's recent interpretation of the statute, which finds that "seeking admission" cannot be logically seen as synonymous with "applicant for admission" without violating several established canons of statutory interpretation. *See Castañon-Nava v. U.S.*

---

[2] The Court incorporates by reference its more fulsome statutory interpretation from *Delgado Avila* and *Bacilio Vicente* of 8 U.S.C. §§ 1226 and 1225 and corresponding analysis of the circumstances to which those statutes apply.

5

*Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025).[3] Indeed, in dissent, Fifth Circuit Court of Appeals Judge Douglas emphasized that the government's interpretation of "seeking admission" creates an inexplicable redundancy within the same sentence, contravening "a cardinal principle of statutory construction that we must give effect, if possible, to every clause and word of a statute." *Id.* at *12 (quoting *Williams v. Taylor*, 529 U.S. 362, 404 (2000)). Moreover, Mr. Rodriguez Gonzalez is not plausibly "seeking admission" to enter the United States. Contrary to the Fifth Circuit's interpretation, when paired with the statutory definition of "admission," seek*ing* implies actively asking for admission at the threshold of entry. Per the INA, "[t]he terms "admission" and "admitted" mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(13)(A) (emphasis added). "Thus, an alien who is 'seeking admission' is one who is seeking 'lawful *entry* . . . into the United States after inspection and authorization by an immigration officer.'" *Mejia Diaz v. Noem*, 2025 WL 3640419, at *5 (N.D. Ind. Dec. 16, 2025) (emphasis added).

Second, even if the Respondents' legal reasoning was more persuasive, it could not be reconciled with the government's treatment of Mr. Rodriguez Gonzalez. As seen above, in December of 2022, Mr. Rodriguez Gonzalez was arrested at the port-of-entry in El Paso when he was "arriving" in the United States. Then, after making a credible fear determination, federal immigration agents released Mr. Rodriguez Gonzalez on an Order of Recognizance. Thus, even

---

[3] The Court cites *Castañon-Nava* as persuasive precedent. *See Morales Perez v. Walsh*, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026) ("[a]t a minimum, *Castañon-Nava* carries substantial persuasive weight. It is true that *Castañon-Nava* cautioned that its decision was limited to 'the current record.' But the statutory-interpretation issue that the opinion resolved was one purely of *law*, and any adjustment to the *factual* record going forward would not likely alter the legal conclusion. In any event, as explained below, the Court agrees with *Castañon-Nava*'s holding on the legal question, so there is no need here to definitively decide whether it is binding precedent or something short of that." (citation omitted)).

though they initially processed Mr. Rodriguez Gonzalez as an "expedited removal," they ended up releasing him once a credible fear determination was made. Three years later, after Mr. Rodriguez Gonzalez was living in Illinois, ICE agents arrested him pursuant to a warrant that explicitly authorized his arrest and detention under § 1226. These facts distinguish his petition from the petitioners in *Buenrostro-Mendez*, where the court's analysis did not indicate that the petitioners were arrested pursuant to an administrative warrant. *See Buenrostro-Mendez*, 2026 WL 323330, at *3 ("DHS encountered each petitioner in 2025, and, upon inspection, immigration officers determined that each was inadmissible as an alien present in the United States without having been admitted or paroled . . . DHS commenced removal proceedings under 8 U.S.C. § 1229a against both petitioners, directing that they be detained under 8 U.S.C. § 1225(b)(2)(A) for the duration of those proceedings."). These facts are also different from the facts presented in *Cruz Rodriguez v. Olson*, No. 1:25-cv-12961, 2025 WL 3672856 (N.D. Ill. Dec. 17, 2025), withdrawn & superseded, 2026 WL 63613 (N.D. Ill. Jan. 8, 2026), which Respondents briefly reference. Unlike Mr. Cruz Rodriguez, who was subjected to a warrantless arrest, Mr. Rodriguez Gonzalez was served with an administrative warrant that authorized federal agents to detain him pursuant to § 1226. *Buenrostro-Mendez* and *Cruz Rodriguez* therefore do not necessarily apply to the facts here.

By detaining Mr. Rodriguez Gonzalez and depriving him of any consideration of bond, the government has kept him in custody in violation of the INA. As a result, he is entitled to a writ of habeas corpus.

### III. Scope of Relief

Mr. Rodriguez Gonzalez asks the Court to order his immediate release or a bond hearing where the government bears the burden of proof. Dkt. 1 at 12; dkt. 8 at 17. The Court finds that

the remedy warranted by the Respondents' violation of the law is to grant Mr. Rodriguez Gonzalez a bond hearing under § 1226(a) and its accompanying regulations.

Immediate release is the customary remedy in habeas proceedings. *See Thuraissigiam*, 591 U.S. at 107 ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, the Court finds that it would not be in the interests of justice to order Mr. Rodriguez Gonzalez's immediate release at this time. Any relief afforded through habeas corpus must be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Mr. Rodriguez Gonzalez maintains—and the Court agrees—that his detention without consideration of bond is contrary to law because his detention is authorized by § 1226(a). Detention under § 1226(a) makes Mr. Rodriguez Gonzalez eligible for discretionary release but also allows the government to "continue to detain" him. 8 U.S.C. § 1226(a)(1). Thus, Mr. Rodriguez Gonzalez's custody is not unlawful because of the very fact that he is detained. Rather, his custody is unlawful only to the extent the government refuses to consider whether he may be released as the law requires.

Regarding the burden of proof, the Court maintains that it does not have authority to expand the procedural protections of § 1226(a) and its accompanying regulations. The statute does not explicitly assign a burden of proof, and the accompanying regulations provide that "[t]he determination of the Immigration Judge as to custody status or bond may be based upon any information that is available to the Immigration Judge or that is presented to him or her by the alien or the Service." 8 C.F.R. § 1003.19(d). Again, the Court finds that Respondents are detaining Mr. Rodriguez Gonzalez in violation of the INA. Therefore, the Court orders Respondents to cure this violation by adhering to the correct statute and regulations.

### IV.   Conclusion

The Court **grants** the petition to the extent that no later than **5:00 p.m. on March 16, 2026**, Respondents must either: (1) provide Mr. Rodriguez Gonzalez with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Rodriguez Gonzalez from custody, under reasonable conditions of supervision. No later than **12:00 p.m. on March 18, 2026**, Respondents must file documentation certifying that they have provided Mr. Rodriguez Gonzalez with a bond hearing, including apprising the Court of the results of the hearing. If Respondents release Mr. Rodriguez Gonzalez, then they must file documentation certifying his release.

The **clerk is directed** to enter final judgment.

**SO ORDERED.**

Dated:  March 11, 2026

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

Alush Kola
Law Offices of Al Kola
alkolalaw@yahoo.com

Liberty L. Roberts
Church Church Hittle & Antrim
lroberts@cchalaw.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov